THOMAS SHAW *& al. versus* ISAAC L. USHER.

In an oath by a creditor, on mesne process, under the Revised Statutes, c. 148, § 2, it is insufficient to declare that the debtor is about to depart, &c., "with property or means," &c., omitting the declaration required by the statute, that he is "to *take with him* property," &c.

When an arrest has been made on such insufficient oath, the action should be dismissed for want of legal service.

The motion for dismissal must be made in season.

The objection may be made to appear by a plea in abatement.

But the defendant must be considered as waiving his objection after a general appearance and a continuance of the action to the next term.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.

This was an action of assumpsit. There was a general appearance for the defendant at the return term. At the next succeeding term, the defendant's counsel moved to have the writ dismissed for want of a sufficient affidavit for arrest. The Court overruled the motion, to which the defendant excepted.

The affidavit declared, that the alleged debtor was "about to depart and reside beyond the limits of this State with property or means exceeding the amount required for his own immediate support," &c.

*Rand,* for plaintiffs.

*Shepley & Dana,* for defendant.

This was an action of assumpsit. The writ was a capias, founded on the 2d § of c. 148, of the Revised Statutes.

The writ was insufficient and improper for the trial of the cause.

Chapter 148, § § 1 and 2, R. S., points out the only case in which the defendant may be lawfully arrested in actions founded upon contract, and the steps necessary to be taken before such arrest can be made; namely, when he is about to leave the State, and carry with him means and effects of his own, exceeding the amount required for his immediate support. But this arrest is always contingent upon the proviso in the 2d § of the same chapter, that "the creditor, his

Shaw v. Usher.

agent or attorney shall make oath before a justice of the peace, to be certified by such justice on the said process, that he has reason to believe, and does believe that such debtor is about to depart and reside, and to take with him property or means as aforesaid; and that the demand in the said process, or the principal part thereof, amounting to at least ten dollars, is due to him."

This affidavit is the foundation of the action. Without it, the capias has no validity, and the writ is, in effect, no writ at all, neither a summons, a summons and attachment, nor a capias.

The affidavit made upon the writ in this action is insufficient, because it does not state in express terms that the property which the debtor intended to take with him beyond the limits of the State was his own. *Furbish* v. *Roberts*, 39 Maine, 104; *Bramhall & al.* v. *Seavy*, 28 Maine, 45.

The motion of defendant's counsel was proper. The defect, being apparent upon the record, could be taken advantage of at any time upon motion, before pleading to the action. *Clapp* v. *Balch*, 3 Maine, 216; *Cook* v. *Lathrop*, 18 Maine, 260.

An omission to take advantage of matters in abatement, within the time limited by the rules, is no waiver of objections to defects in the process not amendable. *Bailey* v. *Smith*, 12 Maine, 196; *Tibbetts* v. *Shaw*, 19 Maine, 204.

CUTTING, J. — According to the decision in *Bramhall* v. *Seavey*, 28 Maine, 45, the oath, as certified by the justice on the process, was clearly insufficient to have authorized the arrest of the defendant. It omitted one of the essential requirements imposed by the 2d § of R. S., c. 148, to wit, "*and to take with him property or means*," exceeding the amount required for his own immediate support.

And, according to the decision in *Furbish* v. *Roberts*, 39 Maine, 104, the action should have been dismissed for want of legal service, had the motion in this, as in that case, been seasonably made.

But it was decided, in *Cook* v. *Lothrop*, 18 Maine, 260, that, although the writ run against the body of the defendant, which was not warranted by law, yet the objection should be made to appear by a plea in abatement, or, appearing on the face of the writ, by a motion made in season. It is an objection that the defendant may waive, which must be considered as done, after a general appearance and a continuance of the action to the next succeeding term.

*Exceptions overruled.*

TENNEY, C. J., and HATHAWAY, RICE and GOODENOW, J. J., concurred.