JANUARY TERM, 1882, No. 290.          MARCH 10TH, 1882.

## Lieberman *versus* Hoffman.

1. Proceedings under the Act of March 17th, 1869, P. L., 8, are to be regarded as a mere personal action.

2. The attachment is to secure a lien, and depends upon the recovery of a final personal judgment.

3. Brenner *v.* Moyer, 10 W. N. C., 565, followed.

4. The recovery of a former judgment for the same cause of action is a bar to the proceedings, though the attachment was issued and served before the commencement of the suit in which judgment was obtained, and though the defendant in the attachment has filed no bond.

5. The proper mode of procedure where under such an attachment there has been service upon the defendant and a garnishee, is first to establish the indebtedness of the defendant to the plaintiff, the issue between the plaintiff and the defendant being distinct and different from that between the plaintiff and the garnishee.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Lehigh County.*

Attachment under the Act of March 17th, 1869, by Joseph Lieberman against George W. Hoffman, defendant, and W. P. Huber, administrator of the estate of Peter Hoffman, deceased, and executor of the estate of Catharine Hoffman, deceased.

The writ of attachment was issued and served May 24th, 1880, at which time there was in the hands of the garnishee money due to the defendant as his share of one estate $1866.34, and of the other estate $48.95. The record showed that interrogatories had been filed and had been answered by the garnishee, that judgment had been entered May 18th, 1881, in favor of plaintiff for $5096.01, but was subsequently stricken off. No bond was filed by the defendant.

The plea was " former recovery."

Upon the trial in the Court below before ALBRIGHT, P. J., the plaintiff requested that the jury be sworn to try the issue between the plaintiff and George W. Hoffman, the defendant, as well as Walter P. Huber, garnishee.

The Court held that the proper mode of proceeding was first to establish the indebtedness of the defendant to the plaintiff; that the issue between the plaintiff and defendant was distinct and different from that between the plaintiff and garnishee, and must be first determined, and, therefore, overruled the request of the plaintiff and directed the jury to be sworn between the plaintiff and George W. Hoffman, the defendant.

The plaintiff excepted to this ruling.

The defendant opened, and offered in evidence the record of a case, No. 64, of June Term, 1880, commenced May 27th, 1880, upon which judgment was obtained December 12th, 1880, for $5012, and it was admitted at bar that the present action was founded upon the same bond as the one set forth in that case.

The plaintiff offered in evidence what purported to be an endowment from George W. Hoffman to Emma Hoffman, during her lifetime, and after her death to the children of George W. Hoffman, dated the 20th day of April, 1878, for the purpose of showing that Mr. Hoffman attempted to dispose of his property for fraudulent purposes, to be followed by proof that there was no consideration. .

Objected to by defendant as incompetent and irrelevant, and as *res inter alios acta,* and because it is not competent or relevant proof under the pleadings in the cause.

The Court decided that in the issue now trying, the only question was as to whether or not there was an indebtedness at the time of the bringing of this attachment, and the evidence offered having no bearing upon that question, excluded it.

The plaintiff excepted. He then called *Oscar E. Holman,* and proposed to prove by the witness that George W. Hoffman, the defendant, testified before him, that he assigned this legacy to his wife for life, and afterwards to his children, for the purpose of defrauding his creditors.

The offer was overruled under exception.

He then proposed to offer in evidence the auditor's reports upon the estate of Catharine Hoffman, deceased, and Peter Hoffman, deceased, for the purpose of showing what amount of money the garnishee had in his hands distributed to George W. Hoffman.

The offer was overruled under exception.

He further proposed to offer in evidence the reports of the auditor, filed August 3d, 1880, also for the further purpose of showing the original fraud.

The offer was overruled under exception.

The Court charged the jury:

"This is an action brought by Joseph Lieberman against George W. Hoffman, under an act of Assembly of 1869, entitled 'An act relating to fraudulent debtors.' In this proceeding Water P. Huber was made garnishee, and certain property was attached in his hands, as alleged by the plaintiff, under the direction of the Court. The jury have been sworn to try the issue between the plaintiff and defendant as to whether there is an indebtedness. The plaintiff has offered in evidence a bond, which shows an indebtedness. The defendant has produced evidence from which it appears

[Lieberman *v.* Hoffman.]

that there was a recovery of judgment in this Court in another action on the same bond, and the Court is of the opinion that the recovery of judgment in that case prevents a recovery of judgment in this case, and holding these views, the Court direct you to enter a verdict in favor of the defendant."

January 24th, 1882. Verdict for the defendant, upon which judgment was afterward entered.

The plaintiff then took out a writ of error, assigning as errors the refusal of the Court to permit the jury to be sworn as to the garnishee, the overruling of the offers of testimony, and the charge.

*Butz & Schwartz* and *J. S. Dillinger*, for plaintiff in error.

This case is distinguished from Brenner *v.* Moyer, 10 W. N. C., 565, because (1), the attachment issued before the suit was commenced in which judgment was obtained; (2), the property here is incapable of manucaption; (3), no bond has been filed; (4), this suit is against two persons.

All that the Court decided in that case was, that after a bond has been filed by defendant the suit becomes an ordinary personal action: Jackson's Appeal, 2 Grant, 407; Insurance Co. *v.* Whitney, 19 Pitts. L. J., 114.

The inference is, that until a bond is filed it is not a personal action.

*Edward Harvey*, for defendant in error.

The lien is merely interlocutory, and the issue made up on the contract sued upon is the only matter for trial: Sharpless *v.* Ziegler, 11 Norris, 469; Cornman's Appeal, 9 Norris, 256; Gould *v.* Walker, 2 W. N. C., 81; Brenner *v.* Moyer, 10 W. N. C., 565. The last case decides this controversy.

It is immaterial which suit is commenced first. It is the first judgment for the same cause of action which constitutes an effective defence: Duffy *v.* Lytle, 5 W., 132; Jones *v.* Ellison, 10 W. N. C., 205.

The former recovery is pleadable in bar, and is conclusive evidence: Outram *v.* Morewood, 3 East, 356; Kilheffer *v.* Herr, 17 S. & R., 319; Marsh *v.* Pier, 4 R., 273; Darlington *v.* Gray, 5 Wh., 487; Gilchrist *v.* Bale, 8 W., 355; Corbet *v.* Evans, 1 Casey, 310.

MARCH 20TH, 1882.—PER CURIAM: This case is ruled by Brenner *v.* Moyer, 10 W. N. C., 565, in which it was decided that proceedings under the Act of March 17th, 1869, Pamph. L., 8, are to be regarded as a mere personal action. The attachment is to secure a lien, and depends upon the recovery of a final personal judgment. It follows that the rulings of

[Roth *v.* Barner.]

the learned judge in the Court below were right, and that
the prior judgment for the same cause of action was a bar.

Judgment affirmed.

JANUARY TERM, 1882, No. 309.            MARCH 10TH, 1882.