# Mindlin et al., Appellants, *v.* Saxony Spinning Co. et al.

*Foreign attachment—Affidavit of cause of action—Jurisdiction— Property within jurisdiction—Defects in affidavit—Amendment— Breach of contract of sale — Averments — Order — Acceptance— Breach—Market price—Assessment of damages.*

1. In foreign attachment the affidavit must set out a good cause of action and such facts as give the court jurisdiction and must not be ambiguous nor depend upon conjecture or inference nor on conclusions of law from facts not set forth.

2. The affidavit in a foreign attachment for breach of contract for sale of cotton yarn, based on a written order, must state when and how the order was accepted, whether in writing or by parol, and the same as to the breach of the contract; it must also state when the goods should have been delivered, and finally what the market price then was, to furnish a basis for assessment of damages.

3. To support a writ of foreign attachment, it is as necessary that defendant have property within the jurisdiction as that he be beyond it. Both are essential and must be averred.

4. The absence of averment as to ownership of defendant's property may be treated as formal and supplied by amendment.

5. The object of a writ of foreign attachment is to compe. the appearance of defendant, and, to authorize such writ, he must have property within the jurisdiction of the court; otherwise there is nothing to attach and no means of compelling an appearance or of securing plaintiff's claim.

Argued March 26, 1918. Appeal, No. 374, Jan. T., 1917, by plaintiffs, from order of C. P. No. 2, Philadelphia Co., Dec. T., 1917, No. 219, dissolving attachment in case of Henry Mindlin and Louis Rosenman, Copartners, trading as Mindlin and Rosenman, v. Saxony Spinning Company, Defendant, and William H. Lorimer Sons Company, Garnishee. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Foreign attachment in assumpsit. Rule by garnishee to show cause of action. Before WESSEL, J.

The facts appear in the opinion of the Supreme Court.

The court dissolved the attachment. Plaintiffs appealed.

*Error assigned,* inter alia, was the order of the court.

*Paul Freeman,* with him *Alfred Aarons,* for appellants. —The service was properly made upon the garnishee, but it was not necessary that there should be actually and physically within the county any of defendant's tangible property: Childs & Co. v. Digby, 24 Pa. 23; Wiener v. American Insurance Co. of Boston, 224 Pa. 292.

The affidavit need not comply with the strict and technical rules of pleading by which the statement of claim to be filed later may be tested. Substantial compliance with the requirements of the act would seem to be sufficient: Linn v. Chapman, 19 Pa. D. R. 282; Clement & Co. v. Didier March Co., 40 Pa. C. C. Reps. 225.

The measure of damages was stated with sufficient precision: Cheseborough v. Dodd, 2 W. N. C. 126; Hauptman v. Pennsylvania Home for Blind Men of Philadel-

phia, 258 Pa. 427; Snowden v. Fulford Planing Mill Co., 5 Pa. D. R. 720.

*Julius C. Levi,* for William H. Lorimer Sons Company, appellee.—It must appear in order to maintain a foreign attachment that defendant had property in Pennsylvania which might be attached: Penna. R. R. Co. v. Pennock, 51 Pa. 244; Raymond v. Leishman, 243 Pa. 64; First National Bank v. Crosby, 179 Pa. 63; Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60.

OPINION BY MR. JUSTICE WALLING, May 6, 1918:

This is an action of foreign attachment in assumpsit by a New York firm against a North Carolina corporation, for alleged breach of contract for sale of cotton yarn. No service was had on defendant; but, when ruled by the garnishee, plaintiffs filed an affidavit of cause of action, which the court below held insufficient and dissolved the attachment; wherein we see no error. The affidavit must set out a good cause of action and such facts as give the court jurisdiction, and must not be ambiguous nor depend upon conjecture or inference. See Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60. The object of a writ of foreign attachment is to compel the appearance of defendant; and, to authorize such writ, he must have property within the jurisdiction of the court; otherwise there is nothing to attach and no means of compelling an appearance or of securing plaintiff's claim. See Raymond v. Leishman, 243 Pa. 64; Pennsylvania Railroad Company v. Pennock, 51 Pa. 244; also opinion of SHARSWOOD, P. J., in Delaware Mutual Insurance Co. v. Walker, 1 Philadelphia 104. The first object of such proceeding is to seize the property of the absent debtor; when there is none, the action falls. To support the writ, it is as necessary that defendant have property within the jurisdiction as that he be beyond it. Both are essential and must be averred. Where the writ has been served, it must appear in the affidavit that the prop-

erty attached is that of the defendant. It is as possible to ascertain the ownership of property as the whereabouts of a defendant. It does not follow, because such writ binds property thereafter coming into the hands of the garnishee, that it can be sustained without something in the first instance to attach. The reason for the rule is well illustrated by the court below: "Here we have a citizen of the State of New York issuing an attachment in the State of Pennsylvania against a defendant resident in the State of North Carolina, summoning as garnishee a third person who does not appear to have in his possession any property ·belonging to defendant. If this case be permitted to proceed upon the paper filed by plaintiffs, a judgment may be entered against defendant for want of an appearance and damages assessed in a sum of upwards of $12,000; that judgment will appear in the records of this court, and its effect upon defendant's credit will be the same as if a judgment had been obtained in an ordinary personal action in adverse proceedings. Thus a creditor would, to all practical purposes, be able to compel nonresidents of every state in the union to appear in our courts, even if there was not within the jurisdiction of our courts, at the time the attachment issued, any property belonging to their debtor." The absence of averment as to defendant's property may be treated as formal and supplied by amendment: Hallowell v. Tenney Canning Co., supra; Schueck v. Freeman, 55 Pa. Superior Ct. 38.

There are more serious objections. The affidavit purports to set out a claim for $12,417.21, for damages on account of defendant's failure to deliver cotton yarn, in accordance with a certain contract based on plaintiffs' order, viz:

"New York, Sept. 28, 1914.
          "Copy.
"Saxony Spinning Co.,
     "Lincolnton, N. C.
   "GENTLEMEN: Kindly enter our order for goods mentioned below. To be delivered as follows:

"Deliveries to commence upon completion of previous order.              "Yours truly,

"MIDLIN & ROSENMAN."

Then follows a description of the goods in the language of the business, and on the margin the words, "To quantities 50,000 lbs." The affidavit avers that, "Said order was duly accepted by defendant and partial deliveries thereunder, to wit: 39,236 pounds, were made to plaintiffs and paid for by plaintiffs," but does not state when or how accepted, whether in writing or by parol, nor when the partial deliveries thereunder were made. The allegation as to due acceptance of the order is a legal conclusion. There is no averment as to when if ever the deliveries under the previous order were completed, and there is nothing to show when or in what amounts the yarn mentioned in the above quoted order should have been delivered. The affidavit avers that on May 15, 1917, defendant finally and unequivocally refused to deliver the balance of the yarn; but that is a conclusion and the real facts are not set out and it does not appear whether such alleged refusal was oral or written. The measure of damages would be the difference between the market price and the contract price at the time and place of delivery. See Hauptman v. Pa. W. Home for Blind Men, 258 Pa. 427. Here there is nothing to show when the goods should have been delivered or what the market price then was; hence, no basis for assessment of damages. The affidavit sets out the market price on one day only, to wit, May 15, 1917. But there is nothing to indicate that it was the time called for in the contract for the delivery of all or any of the goods in question. Plaintiff could not change defendant's liability by demanding a delivery at a time different from that named in the contract. The defects above mentioned, and other uncertainties in plaintiffs' affidavit of cause of action, fully warranted the order of the court below dissolving the attachment. It is not necessary to

refer separately to the other contract set out in plaintiffs' claim as it involves only $32.45 and some of the defects to which we have called attention apply equally to that branch of the case.

The assignments of error are overruled and the order dissolving attachment is affirmed.