# Pottash et al., Appellants, *v.* Hartenfeld Bag Co.

*Foreign attachment—Dissolution—Entry of security—State-ment of cause of action—Statutes—Repeals—Implication—Acts of June 13, 1836, P. L. 583, and May 12, 1897, P. L. 62.*

1. Under section 62 of the Act of June 13, 1836, P. L. 583, if security is entered to dissolve a foreign attachment the cause shall thereafter proceed as in action begun by summons.

2. The Act of May 12, 1897, P. L. 62, which provides that the writ shall abate if no statement of the cause of action has been filed within one year after its issuance, does not apply in cases where security has been entered to dissolve the attachment.

3. Repeals by implication are not favored, and will not be adjudged, if the two enactments can be reasonably construed together.

*Practice, C. P.—Affidavit of defense—Judgment—Act of May 14, 1915, P. L. 483—Appeals—Decree on reversal.*

4. In reversing the court below for refusing to enter judgment for want of an affidavit of defense, final judgment will not be entered for plaintiff, but under section 20 of the Practice Act of May 14, 1915, P. L. 483, defendant will be allowed fifteen days after the return of the record to file an affidavit of defense to the merits.

Pollock v. Chelsea Fibre Mills, 46 Pa. Superior Ct. 126, disapproved.

Argued March 24, 1920. Appeal, No. 246, Jan. T., 1920, by plaintiffs, from order of C. P. No. 1, Phila. Co., Sept. T., 1918, No. 16, quashing writ of foreign attachment, and discharging rule for judgment for want of an affidavit of defense, in case of Max Pottash and Harry Pottash, trading as Pottash Brothers, v. Hartenfeld Bag Co. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Rule to quash writ of foreign attachment.

Rule for judgment for want of an affidavit of defense. Before SHOEMAKER, J.

The court made absolute the rule to quash the attachment, and discharged the rule for judgment.

1920.    Assignment of Errors—Opinion of the Court.

*Errors assigned* were (1) in making absolute the rule to quash, and (2) discharging the rule for judgment.

*B. D. Oliensis,* with him *Max Aron,* for appellants. —Defendant having entered a general appearance it was not proper to quash the writ of foreign attachment because of plaintiffs' failure to file a statement of claim within one year: Schober v. Mather, 49 Pa. 21; Lansford Borough v. Jones, 5 Pa. Dist. R. 483; Black v. Brown, 15 Pa. Dist. R. 192; Great N. Moulding Co. v. Moulding Co., 19 Pa. Dist. R. 217; Wing v. Bradner, 162 Pa. 72; Memphis C. & L. R. R. v. Wilcox, 48 Pa. 161; McCullagh v. Ry. Mail Assn., 225 Pa. 118; Miller v. Cockins, 239 Pa. 558; Swecker v. Reynolds, 246 Pa. 197; Lerner v. Felderman, 64 Pa. Superior Ct. 287.

*Julius C. Levi,* for appellees, cited: Melloy v. Burtis, 124 Pa. 164; Pollock v. Chelsea Fiber Mills, 46 Pa. Superior Ct. 126; Wright v. Millikin, 152 Pa. 507; Jeannette Boro. v. Roehme, 197 Pa. 230; Seymour v. Fulton. 9 Pa. Dist. R. 611.

OPINION BY MR. JUSTICE SIMPSON, April 12, 1920:

Plaintiffs issued a writ of foreign attachment which was dissolved by the giving of approved security, counsel for defendant at the same time entering his appearance. More than a year later plaintiffs filed a statement of claim with notice to file an affidavit of defense, whereupon the court below granted and thereafter made absolute a rule to show cause why the writ of foreign attachment should not be quashed, because the statement had not been filed "within one year after the issuance of the writ," as required by the Act of May 12, 1897, P. L. 62; for the same reason it also discharged a rule for judgment for want of an affidavit of defense, to which rule defendant had filed an answer alleging the writ had abated. From these two orders of the court below plaintiffs now appeal.

We held in Bergman v. Straus, 264 Pa. 439, 442, that, when a writ of foreign attachment is dissolved by the entry of security under section 62 of the Act of June 13, 1836, P. L. 583, " 'the action shall proceed in due course, in like manner as if the same had been commenced by a writ of capias ad respondendum,' the bail standing in the place of the property attached; whereas the purpose of a motion to quash is to end the [attachment] proceedings forever." It is conceded that if this decision is applicable the orders of the court below are erroneous; but defendant contends it is not controlling, since in that case the statement of claim was filed within the year, whereas in Pollock v. Chelsea Fiber Mills, 46 Pa. Superior Ct. 126, the writ was quashed because more than a year had elapsed, and hence the orders below, which are based thereon, should be affirmed. The facts so alleged are correctly stated, but the conclusion sought to be drawn does not necessarily follow. On the contrary it was reached by ignoring well settled principles applicable to the interpretation of statutes, and for that reason the orders in this case must be reversed, and the decision in Pollock v. Chelsea Fiber Mills disapproved.

The Act of 1897 contains no repealing clause, and a repeal by implication will not be adjudged unless there is a clear and strong inconsistency between the two enactments: Street v. Com., 6 W. & S. 209; Carpenter v. Hutchison, 243 Pa. 260. This is particularly true where, as here, the act relates to procedure, and the evil sought to be remedied clearly appears in the later statute. Under the Act of 1836, where a defendant could not or did not desire to enter security to dissolve an attachment, it might continue indefinitely unless an appearance was entered and the issue forced, which also might be deemed inconvenient or unwise. To remedy this evil the Act of 1897 was passed; it can be construed in consonance with the Act of 1836, and the two, read together, will then harmoniously provide that where security is entered to dissolve an attachment "the action shall proceed in

due course, in like manner as if the same had been commenced by a writ of capias ad respondendum," but if such security is not entered and "the plaintiff or plaintiffs......shall not within one year after the issuance of the writ, file a statement of his or their cause of action, such writ shall thereby abate without any further action by the defendant or the garnishee." It follows there is no implied repeal of the Act of 1836, and hence we reverse the court below for quashing the writ.

We cannot, however, enter judgment for plaintiffs for want of an affidavit of defense. Section 20 of the Practice Act of May 14, 1905, P. L. 483, provides that where questions of law raised in an affidavit are overruled, defendant "may file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days." This defendant is, therefore, entitled to file such supplemental affidavit within fifteen days after the return of the record, after which the case will proceed in due course as in actions commenced by summons, which writ, since the Act of July 12, 1842, P. L. 339, abolishing imprisonment for debt, is the substitute, in this class of cases, for a capias ad respondendum.

The order of the court below quashing the writ of foreign attachment is reversed and the record remitted with a procedendo.