## Stamm v. Goldberg, etc.

*J. Manley Robbins*, for plaintiff; *E. J. Mullen*, for defendant.

EVANS, P. J., November 2, 1933.—On August 3, 1933, plaintiff issued a foreign attachment against the defendant, Saul Goldberg, trading as Goldson Mills, of the State of New York. On August 14, 1933, counsel for the defendant appeared de bene esse and entered a rule on plaintiff to show cause of action and why the attachment should not be dissolved.

The plaintiff's statement of claim and affidavit of cause of action was filed on August 19, 1933. On September 19, 1933, defendant's exceptions thereto were filed. The chief reasons advanced for the rule to dissolve were (1) that the affidavit of cause of action, filed August 19, 1933, is insufficient in that it purports to have been sworn to by the plaintiff before Samuel Offen, commissioner of deeds, New York County clerk's no. 20, that there is no seal attached to Offen's certificate and nothing to show that he had authority to administer oaths, and that there is no certificate attached to Offen's certificate showing that he is a commissioner of deeds in New York; and (2) that a good cause of action is not stated in the plaintiff's statement of claim.

Upon argument of the exceptions, plaintiff's counsel conceded that the affidavit and jurat attached to plaintiff's statement of claim were defective and should be corrected, and asked leave to file and substitute therefor an amended affidavit of claim identical with the original except for the affidavit thereto attached. Should such substitution be permitted? We think so.

In Maxwell v. Haskell, 39 Pa. C. C. 524, the officer before whom the affidavit attached to the statement in foreign attachment was made neglected to sign the jurat. On motion to dissolve, the court held the affidavit could be amended by permitting the officer to sign the jurat, and that the plaintiff should be given an opportunity to correct the oversight.

The most recent case in foreign attachment involving the right of the plaintiff to amend his affidavit of claim is Frankel v. Donehoo et al., 306 Pa. 52, 54. In this case the court held that the plaintiff's statement of claim may be amended as to a matter of form but not as to a matter of substance; that if the statement of claim shows a good cause of action and states all jurisdictional facts it may be amended as to other matters. In speaking for the Supreme Court, Mr. Justice Kephart said:

". . . Early in our judicial history, amendments to an affidavit of cause of action in a foreign attachment were not permitted. . . .

"Later practice by the lower courts and recognized by our own cases, showed an intention to relax the rigors of the old rule and to permit amendments: Mindlin v. Saxony Spinning Co., 261 Pa. 354, 357; G. B. Hurt, Inc., v. Fuller Canneries Co., 263 Pa. 238, 241, 242; Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 479; Schueck v. Freeman, 55 Pa. Superior Ct. 38. It is now definitely settled that amendments to an affidavit of cause of action, or as it has been stated, to the statement of claim and affidavit of cause of action, may be made under certain circumstances after the attachment has issued.

"To a better understanding of the nature and extent of amendments, it may be well to state some rules with respect to the affidavit. One who desires to use a foreign attachment must by his pleadings bring himself within the requirements of such remedy. He must state a good cause of action with certainty so that the party whose goods are seized may know the reason therefor. The statement must not be ambiguous or depend on conjecture or inference, and must state all jurisdictional facts. See Mindlin v. Saxony Spinning Co., supra; Pasquinelli v. Southern Macaroni Mfg. Co., supra. It does not necessarily follow that if there is an omission or a defect in the statement that such defect or omission is fatal to the proceeding or that it cannot be amended. We said in Hurt v. Fuller Canneries Co., supra, that a cause of action might be amended as to a matter of form but not a matter of substance. . . . 'When the merits of the case cannot be reached without an amendment, it is to be granted when the statement of facts has not been changed.' "

In the instant case, the statement of claim and affidavit of cause of action, tested by the rules enunciated in Frankel v. Donehoo et al.; supra, discloses a good cause of action, and the reason for issuing the foreign attachment and seizing the defendant's silk. There is no ambiguity in the statement, it does not depend on conjecture or inference, and it plainly and definitely states all jurisdictional facts. The statement of claim and affidavit of cause of action proposed to be substituted for the one filed August 19, 1933, is identical with the original, except for the affidavit attached thereto, which appears to be in due and legal form and complies with the requirements of a valid affidavit of claim in foreign attachment. Accordingly, the plaintiff should be permitted to file an amended statement of claim and affidavit of cause of action identical with the original, except for the affidavit thereto attached.

And now, November 2, 1933, the rule to dissolve is discharged and the plaintiff is permitted to file and substitute an amended statement of claim and affidavit of cause of action identical with the original filed August 19, 1933, except for the affidavit thereto attached, within 10 days from this date.

From L. G. Rarig, Danville, Penna.