Konopka et ux., Appellants, *v.* McAteer.

Argued December 6, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Milford J. Meyer,* with him *Robert M. Bernstein,* for appellants.

*James Francis Ryan,* for appellee.

OPINION BY MR. JUSTICE LINN, January 2, 1934:

Plaintiffs, on December 28, 1931, to recover for a tort, obtained a writ of foreign attachment, returnable first Monday in March, 1932. The sheriff returned nihil habet as to defendant, that he had attached the real estate described in the præcipe, and had served Frank J. Coll and Joseph Lekiela, tenants in possession. No affidavit of cause of action was filed. With their præcipe for the writ, plaintiffs also filed a statement of claim.[1]

On August 22, 1932, a general appearance was entered for the defendant; the garnishees have not appeared. April 4, 1933, defendant, by petition, obtained a rule to show cause why the writ "should not abate and the lien of attachment on the property of the defendant in the hands of the garnishees should not cease and the proceedings be dissolved and ended." The petition alleges that the writ issued without an affidavit of cause of action;

---

[1] This statement of claim did not contain the necessary averments to make it eligible as an affidavit in support of a foreign attachment. It was also endorsed with a rule to file an affidavit of defense.

that the statement of claim, filed with the præcipe for the writ, cannot be treated as the required affidavit, because it contains no averment that defendant is nonresident, or absent from the county and seized of property here (Morinelli v. Garin Co., 100 Pa. Superior Ct. 510, 514). The petition also avers that no copy of the statement of claim was served on defendant or her attorney, and that, for want of prosecution within the terms of the Act of May 12, 1897, P. L. 62, 12 P. S., section 2961, defendant is entitled to the relief prayed for. In disposing of the petition and rule, the court made the following order: "Rule absolute to dissolve attachment and abate lien." The plaintiffs have appealed. We understand that the order was intended to abate the lien on the real estate and to annul the garnishment of the tenants, but, from what is said in the opinion filed below, that the court did not intend to prevent further prosecution of the suit in personam.

The essential averments required in an affidavit of cause of action to sustain foreign attachments (Mindlin v. Saxony Spinning Co., 261 Pa. 354, 104 A. 598; McLeod v. Hyman, 272 Pa. 582, 116 A. 535; Marinelli v. Garin Co., supra) need not be restated, because appellants do not pretend to have filed one. They say (1) that none was necessary until they were ruled to show cause, and that no rule was taken; (2) that there is sufficient compliance with the Act of 1897; (3) that defendant's general appearance waives all defects and irregularities in the process and service.

An affidavit of cause of action need not be filed with the præcipe for the writ, unless defendant is "any person who being a resident of this Commonwealth shall have moved therefrom after having become liable in an action ex delicto." Act of April 24, 1931, P. L. 44, 12 P. S., section 2891, a substitute for the Act of May 15, 1874, P. L. 183, 12 P. S., sections 2893-4 (which, for the first time, authorized foreign attachment in actions ex delicto, by amending section 44 of the general Act of June 13,

1836, P. L. 568), and the Act of June 21, 1911, P. L. 1097, 12 P. S., section 2891.

In other cases, if a defendant desires plaintiff to show cause of action, he may appear specially and obtain a rule to show cause. (See Act of March 5, 1925, P. L. 23, section 1, 12 P. S., section 672.) The Act of May 12, 1897, P. L. 62, section 1, 12 P. S., section 2961, requires a plaintiff "within one year after the issuance of the writ [to] file a statement of his or their cause of action," which means a formal statement of claim. See Pottash v. Hartenfeld Bag Co., 267 Pa. 96, 110 A. 147; and opinion of SADLER, J., in Bonbrake v. W. Va. Pulp Prod. Co., 45 C. C. 191, 198. As plaintiff in this case had filed a statement of claim, not before the writ issued, as appears to be argued, but at the same time, the proceeding cannot abate for the second reason stated.

The purpose of seizing property by writ of foreign attachment is to compel appearance: Rankin v. Culver et al., 303 Pa. 401, 154 A. 701. That object was accomplished when defendant entered a general appearance; the statute contemplated this and provided the effect it should have. Section 64 of the Act of June 13, 1836, P. L. 568, 12 P. S., section 2966, authorizes defendant "to cause an appearance to be entered for him, and to take defense to the action, in which case the action shall proceed as if commenced by a summons, but the attachment shall nevertheless continue to bind the estate or effects attached, as in other cases, unless judgment be entered for the defendant in such attachment."

Before defendant appeared, she had opportunity to elect one of several possible courses. She might have dissolved the writ of attachment by entering security, in which case the action would have proceeded, the bail taking the place of the attached property; or, desiring not to enter security and substitute a bond for the property, she could enter a general appearance, and, as the statute provided, "take defense to the action," which then would "proceed as if commenced by a summons."

On the choice of this course, however, the legislature imposed a condition in the following words: "but the attachment shall nevertheless continue to bind the estate or the effects attached as in other cases unless......," supra. This defendant, instead of substituting security for the attached property and proceeding in personam, chose another course, at the price, however, of submitting to the attachment pendente lite. A third course had also been open to her election: before deciding to give bail and dissolve the attachment, or to permit the attachment to stand and enter a general appearance, she might, if in doubt about the jurisdiction, have proceeded by rule to show cause to require plaintiffs to file the necessary affidavit. As this affidavit of cause of action goes to the propriety of issuing the writ, its requirement may be waived by electing either of the other statutory courses referred to. Defendant's choice of procedure continued the attachment, leaving no occasion to require plaintiffs to show cause of action, because the statute has rendered it unnecessary. See Pottash v. Albany Oil Co., 274 Pa. 384, 391, 118 A. 317;[2] and Connelly v. Lerche, 56 N. J. L. 95, 28 A. 430.[3]

---

[2] This is the prevailing view in various common pleas decisions: Black v. Brown, 15 D. R. 192; Boro. of Lansford v. Jones, 5 D. R. 483; Parker & Frazer v. Wood Co., 30 D. R. 711; Siak & Co. v. Kenyon & Co., 2 Chester Co. Rep. 422; Troubat & Haly's Practice (6th ed., 1913), page 3038.

[3] In this case, in applying an attachment statute, with similar provisions, the court said: "If these objections have any validity, they cannot be considered in this case, because on September 21, 1892, a general appearance was entered for the defendants by James S. Aitkin, attorney. No bond was given. This appearance was entered in pursuance of section 38 of the attachment act, and the latter part of the section states that after such appearance and notice the suit or suits of such plaintiff or plaintiffs, creditor or creditors, shall proceed in all respects as if commenced by summons; and no other or further claim shall be put in under such attachment after the entry of such appearance. Section 39 provides that in case of an appearance by virtue of section 38 the lien of the attachment shall continue."

Even in the absence of such statutory provision, it is held that a general appearance waives the right to object to the sufficiency of the affidavit on which process has been issued, following the fundamental rule that a general appearance acts as a waiver of all defects in process, service, etc.: Schenley v. City of Allegheny, 36 Pa. 29, 53; Hyde v. Patterson, 1 Abb. Pr. (N. Y.) 248; Buffington v. Sipe, 53 Ark. 235; Lewis v. Brackenridge, 1 Blackf. (Ind.) 112; Matthew v. Fleetwood, 26 Del. 154; Lloyd v. Canon City, 46 Col. 195; Shaw v. Usher, 41 Me. 102; Blackwood v. Jones, 27 Wisc. 498.

The order appealed from is reversed and the record is remitted with a procedendo.