## Kanitsky v. Watkins Produce Company

*Ned Stein*, for plaintiff.

*George Ovington, Jr.*, for defendant.

FLOOD, J., June 7, 1948.—This is a rule to show cause why a writ of foreign attachment should not be quashed. The attachment had been previously dissolved by giving of bond. The action is one in trespass for a tort committed in Georgia.

Since foreign attachment does not lie in a tort action unless the tort was committed within this Commonwealth the motion to quash should be granted unless defendant has waived his right to it by filing bond and dissolving the attachment.

Section 62 of the Act of June 13, 1836, P. L. 568, governing attachments provides that if defendant, at any time before the money is paid, perfects bail to the action in the sum demanded or ordered to be posted by the court, the attachment and all proceedings thereon shall be dissolved and the action shall proceed in due course as if it has been commenced by a capias ad respondendum. Section 64 provides that it shall

be lawful for defendant, instead of giving bail, to cause an appearance to be entered for him and to take defense to the action in which case it shall proceed as if commenced by summons.

Under section 64 it has been held more than once that the entry of a general appearance waived the right to quash the writ of attachment. The action goes on then as in a case commenced by summons but the property attached remains as security for the final verdict obtained: Pottash et al. v. Albany Oil Co., 274 Pa. 384 (1922) ; Pottash et al. v. Hartenfeld Bag Co., 267 Pa. 96 (1920).

The language of the two sections, taken together, seems to indicate that the legislature did not consider the filing of a bond to dissolve as equivalent to a general appearance. Section 64 provides that defendant might, instead of giving bail or security, cause an appearance to be entered for him. Section 62 provides that the action should proceed after filing of bond as though commenced by writ of capias ad respondendum, not as though commenced by summons as in the case of a general appearance under section 64. In the case of an action commenced by the capias ad respondendum the entry of bail does not waive plaintiff's right to object to the action or to be discharged on common bail: Guthan, etc., v. Gearhart, 23 D. & C. 709 (1935).

The interpretation of the statute sought by defendant seems to us not only more in accord with the language of the two sections, but also the reasonable interpretation. A person whose property is attached may be in such position that unless he procures its immediate release by giving bail he may be bankrupted or suffer other serious harm quite out of proportion to the amount involved in the suit. The necessity for the immediate possession and the consequent posting of the bond to get it should not deprive him of his right to attack the propriety of the action. This seems true

especially in the case like this where it is clearly beyond the power of the court to issue a writ of foreign attachment.

No case has squarely held to the contrary, and the dicta in such cases as Bergman v. Straus et al., 264 Pa. 439 (1919), where the question was really the right to appeal and Konopka et ux. v. McAteer, 313 Pa. 510 (1934), where a general appearance was entered, are not in our opinion controlling.

Plaintiff's answer to the motion to quash impliedly admits the allegation that the tort was committed in Georgia. In view of the form of his answer, however, the court will delay the entry of the order to quash the writ for 15 days, so that plaintiff may have an opportunity to file an answer to the motion if he has any. Otherwise the writ will be quashed.