# Pottash et al., Appellants, *v.* Vietor.

*Foreign attachment—Dissolution—Affidavit—Cause of action—Pleadings—Contract—Principal and surety.*

1. A foreign attachment based on a contract will be dissolved, where plaintiff's affidavit contains no averment of the performance of the contract by plaintiff in essential particulars.

2. In such case it is immaterial whether the defendant was a surety on the contract, or was the original debtor.

Argued April 25, 1922.   Appeal, No. 303, Jan. T., 1922, by plaintiffs, from order of C. P. No. 3, Phila. Co., Dec. T. 1921, No. 122, making absolute rule to dissolve foreign attachment, in case of Max Pottash and Harry Pottash, trading as Pottash Brothers, v. Carl L. Vietor, trading as Rockhill & Vietor.   Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Rule to dissolve foreign attachment.   Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Rule absolute.   Plaintiff appealed.

*Error assigned* was order, quoting record.

*B. D. Oliensis,* for appellants.

*James McMullan,* with him *Dickson, Beitler & McCouch,* for appellee.

PER CURIAM, May 15, 1922:

We adopt the following opinion of the court below: "The rule to dissolve attachment must be made absolute. Plaintiffs cannot ask to have the attachment preserved unless they show a cause of action which, if proved, would sustain a verdict; the affidavit filed in this case does not meet this test.   The contract with Westphal [the principal] was made July 16, 1918; it had been

made verbally and was confirmed in writing. Deliveries were to be made of burlap from Calcutta, shipped in June or July, and were to be delivered on the Pacific Coast; defendant was surety on this contract. The affidavit avers that 'early' in December a consignment of burlap arrived at Seattle, and principal and surety refused to accept it. There is no averment that the burlap came from Calcutta or that it was shipped in June or July. There was, therefore, no averment of performance of the contract by plaintiffs in these very important particulars. The affidavit is insufficient to sustain the attachment."

It need be added only that, since we agree the case was properly disposed of by the court below on the pleadings, it makes no material difference, for present purposes, whether defendant was a surety or an original debtor.

The order appealed from is affirmed.