First National Bank of Omaha *v.* Samuel M. Crosby, Appellant.

| 179 | 63 |
| 202 | ³ 73 |

*Judgment—Foreign judgment—Exemplification of record under act of congress.*

In a suit upon a foreign judgment where the record of the suit is properly certified as provided by the act of congress, the defendant cannot be heard to allege that the exemplification of the record did not contain a full and an entire copy of the proceedings.

In a suit upon a foreign judgment it is not necessary that a note which was the foundation of the suit in the court in which the judgment was obtained, should be incorporated in plaintiff's statement of claim in the suit in this state.

*Foreign attachment—Quashing writ—Review.*

The refusal of the court to quash a writ of foreign attachment is not reviewable by the Supreme Court.

*Foreign attachment—Plaintiff's statement—Affidavit of defense.*

In foreign attachment it is not required that plaintiff's statement should set out all the jurisdictional facts. This may be required in an affidavit to show cause of action, but the absence of such facts from the statement is not alone sufficient to prevent judgment for want of a sufficient affidavit of defense, in which the existence of such facts is not denied.

Argued Oct. 12, 1896. Appeal, No. 14, Oct. T., 1896, by defendant, from order of C. P. Armstrong Co., June T., 1894,

No. 35, making absolute a rule for judgment for want of a sufficient affidavit of defense.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Motion to quash attachment.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of RAYBURN, P. J., on motion to quash attachment, which was as follows :

The first reason alleged for quashing the writ of foreign attachment is that the exemplification of record filed does not purport to be a full and entire copy of the proceedings as the same remains of record.   If this allegation is correct the writ must be quashed.   The constitution of the United States, art. IV, sec. I, provides that, " Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, and the congress may by general laws prescribe the manner in which the acts, records and proceedings shall be proved and the effect thereof."   Congress has by a general law, act of May 26, 1790, prescribed the effect of such judicial proceedings by enacting that " they shall have such faith and credit given to them, in every court within the United States as they have by law or usage in the courts of the state from whence the said records shall be taken."   The same act provides, " the records and judicial proceedings of the courts of any state or territory shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of a judge, justice or presiding magistrate that the said attestation is in due form."   In the case before us we have the record of a judgment recovered in the county court of Douglas county, Nebraska, against the defendant, and that the said judgment was by transcript entered and docketed in the office of the clerk of the district court of said Douglas county, and that the exemplification which is the basis of the proceedings now instituted here, purports to be " a true, perfect and complete copy of transcript of judgment " as filed in said district court, and is certified to be by the clerk of said district court, and under its seal.   There is also a certificate of the pre-

siding judge of said district court that the clerk so certifying was at the time of the execution of certificate the clerk of said court duly elected, commissioned and qualified; that said court is a court of record, and that said clerk had by law the custody of the records and the seal of the court; that said attestation is in due form and according to the laws of Nebraska.

In Edmiston v. Schwartz, 13 S. & R. 135, Justice GIBSON says: "From what is the court to judge whether an exemplification contains the whole record? Certainly from the certificate of the officer whose business was to authenticate it and to whose acts in this particular full faith and credit are due. Every court is the best judge of its own record, and its officer acting by its direction is presumed to certify nothing but the truth, and to justify the decision of another tribunal against the truth of the certificate, would require something beside the absence of certain things which are usually constituent parts of a complete record." There is not anything before us that would indicate to us or lead us to conclude but that the exemplification before us is a true, perfect and complete record of the proceedings and judgment had against the defendant as the same stands in the circuit court of Douglas county, Nebraska. There is another phase of this matter which we might mention, and that is, the proceeding in the court of common pleas of Armstrong county against defendant is a foreign attachment, and as such is in the nature of a writ of execution to collect a debt. Now who would doubt but that upon the judgment against defendant as the same stands in the circuit court of Douglas county, Nebraska, the plaintiff would be entitled to a writ of execution to collect his claim. And as by the act of congress above cited the records and judicial proceedings authenticated shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from whence the said records are taken, we cannot but conclude that the copy of record filed in this case supports the writ of foreign attachment and the same cannot be quashed.

As to the second reason alleged for quashing the writ, viz, that, "plaintiff's statement is defective in not stating that defendant was not within the county at the time of the issuing of the writ of attachment;" an examination of the statement

filed by plaintiff shows that it contains these words, " that the said S. M. Crosby (the defendant) is a nonresident of the state of Pennsylvania." This we think is such a substantial compliance with the act as will support the writ of attachment issued in this case.

The third reason is dismissed, as the sheriff, at time of argument of motion to dissolve, amended his return (which amendment was allowed by the court) curing the defect alleged. And as to the fourth reason, we cannot agree with counsel for the defendant that the writ of summons to garnishee must be made returnable to the next term of court. We have in this court monthly return days for writs of summons, etc., viz, the first Monday of each month, and this writ served upon garnishee is a writ of summons, and certainly can be made returnable to a monthly return day. Section 45 of the act of June 13, 1836, P. L. 580, provides, " in every writ of attachment as aforesaid shall be contained a clause commanding the officer to summon all persons in whose hands or possession the said goods and chattels or any of them may be attached so that they and every of them be and appear before the said court at the day and place mentioned in said writ to answer," etc. The writ in this case follows explicitly the requirements of the section of the act, and as we have already said that this writ so far as the garnishee is concerned is but a writ summoning him to appear. The plaintiff had the right to make the same returnable to the first Monday of April, 1894, a monthly return for writs of this nature issued from the court.

And now March 4, 1895, the rule is discharged at costs of defendant.

The opinion on motion for judgment for want of a sufficient affidavit of defense was as follows :

The affidavit of defense filed contains nothing in addition to what was set up in the motion to quash the attachment. The opinion filed dismissing the motion to quash the attachment in our view of the case has disposed of the questions raised by the defendant in his affidavit of defense, and there being nothing additional raised by defendant, the rule in this case must be made absolute, and judgment entered in favor of the plaintiff and against the defendant for want of a sufficient affidavit of defense, the amount to be liquidated by the prothonotary.

*Errors assigned* among others were (1) refusal of court to quash attachment; (2) entry of judgment for want of a sufficient affidavit of defense.

*W. D. Patton*, for appellant.—The record did not show all the proceedings: Campbell v. Ry. Co., 137 Pa. 585; Bryson v. Home for D. & I. S., 168 Pa. 352. Where it appears from the certificate, or the exemplification itself that but part of the record is included, it cannot be admitted in evidence: Bonesteel v. Sullivan, 104 Pa. 9.

*M. F. Leason*, for appellee.—The certificate of the record of the foreign judgment was conclusive: Baxley v. Linah, 16 Pa. 248; Brenner Trucks Co. v. Moyer, 98 Pa. 274.

The refusal of the court to quash the attachment is not reviewable by either appeal or certiorari: Lindsley v. Malone, 23 Pa. 24.

Whether in a proceeding on foreign attachment the question of residence can be raised by plea in abatement, not decided, but it cannot be pleaded in bar, after an ineffectual motion to quash the writ for that cause, and after appearance to the suit: Holland v. White, 120 Pa. 228; Moock v. Conrad, 155 Pa. 586; Phila. & Read. R. R. v. Snowden, 166 Pa. 236; Evans v. Duncan, 4 Watts, 24; Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 359; Coleman's App., 75 Pa. 441; Ins. Co. v. Whitney, 70 Pa. 248.

PER CURIAM, January 4, 1897:

This appeal is devoid of merit. The defense interposed in the court below is purely technical, and clearly insufficient to carry the case to a jury. It is not pretended that the debt is not due, or that judgment was not recovered therefor in the foreign jurisdiction. Nor is it even alleged that the defendant is not a nonresident of this state, or that he was within the jurisdiction at the time of the impetration of the writ. While these considerations would not prevail against a fatal technical defect, we cannot be expected in such cases to go out of the way in search of errors. The record of the foreign judgment on which suit was brought is certified in strict accordance with the act of congress. This is sufficient to make it the basis of this action. The foreign judgment, and not the note referred

to, is the foundation of the suit, and hence it was unnecessary that the note should be incorporated in plaintiff's statement of claim.

The refusal of the court to quash the attachment is not reviewable: Holland v. White, 120 Pa. 228; Grieb v. Kuttner, 135 Pa. 291; Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187. It is not required that plaintiff's statement should set out all the jurisdictional facts. This may be required in an affidavit to show cause of action, but the absence of such facts from the statement is not alone sufficient to prevent judgment for want of a sufficient affidavit of defense, in which the existence of such facts is not denied. The return of the sheriff was amended before the affidavit of defense in this case was filed. This disposes of everything that has been properly raised on this appeal. Neither of the specifications is sustained.

Judgment affirmed.