## Lehigh Coal & Navigation Co., Appellant, *v.* Skeele Coal Co. et al.

*Foreign attachment—Dissolution—Averments of jurisdictional facts—Statement—Nonresidence—Foreign corporation—Property in county—Affidavit to show cause of action.*

1. It is error to dissolve a foreign attachment, quash the writ and strike off the judgment, on motion of the garnishee, on the ground that the statement did not contain averments as to nonresidence and property of defendant in county, as required in an affidavit of cause of action, where it appears that no affidavit of cause of action had been called for, that the statement averred that the defendant was a New York corporation, and that the sheriff's return showed property of defendant in the county.

2. It is not required that plaintiff's statement shall set out all the jurisdictional facts; this may be required on a rule to show cause of action, but the absence of such facts from the statement is not alone sufficient to prevent judgment for want of a sufficient affidavit of defense, where the existence of such facts is not denied.

Argued October 6, 1919. Appeal, No. 110, Oct. T., 1919, by plaintiff, from order of C. P. Indiana Co., Sept. T., 1916, No. 215, making absolute rule to dissolve foreign attachment in case of Lehigh Coal & Navigation Company v. The Skeele Coal Company and Superior Coal Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Rule to dissolve foreign attachment, quash the writ and strike off the judgment. Before LANGHAM, P. J.

The court made the rule absolute. Plaintiff appealed.

*Error assigned* was order making the rule absolute.

*Paul C. Hamlin,* with him *William Banks, William Jay Turner* and *Edward J. Fox,* for appellant.—The

statement of claim need not set forth jurisdictional facts: First Nat. Bank of Omaha v. Crosby, 179 Pa. 63.

The affidavit of cause of action is a paper, which the defendant or the garnishee, if he desires to attack the validity of the attachment, may require to be filed by means of a rule to show cause of action and why the attachment should not be dissolved. No such rule was taken in the case at bar; and it is well settled that, in the absence of such a rule, no affidavit of cause of action need be filed in an action ex contractu: Modern Tool Co. v. Automatic Press Feeder Co., 24 Pa. Dist. Rep. 443; Linn v. St°nley, 37 Pa. C. C. R. 271; Bonbrake v. West Virginia Pulp Products Co., 45 Pa. C. C. R. 191.

The distinction between statement of claim and affidavit of cause of action is also recognized in Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60; Schueck v. Freeman, 55 Pa. Superior Ct. 38; Pollock v. Chelsea Fiber Mills, 46 Pa. Superior Ct. 126; Clement & Co. v. Didier March Co., 40 Pa. C. C. R. 225.

*D. B. Taylor,* for appellee, Superior Coal Co., cited: Mindlin v. Saxony S. Co., 261 Pa. 354.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1920:

This is an appeal by the plaintiff, who obtained judgment in a proceeding ex contractu commenced by writ of foreign attachment; the sole assignment complains that the court below erred in making absolute garnishee's rule to "dissolve the attachment, quash the writ and strike off the judgment."

While numerous contentions are discussed in the paper-books, yet an adequate and proper disposition of the case may be had by determining what plaintiff states as his second question involved: "Was it error to dissolve attachment, quash writ and strike off judgment, at motion of garnishee, on ground that statement did not contain the averments as to nonresidence and property

of defendant required in an affidavit of cause of action, no such affidavit having been called for—especially where the statement averred that defendant was a New York corporation and the sheriff's return showed property of defendant attached in the county?"

Had garnishee, in due season, ruled plaintiff to show cause of action, it may be the latter would have been obliged to file an affidavit containing the averments now insisted upon; but, instead of pursuing this course, garnishee moved to strike off the judgment—probably recognizing that, it being apparent from the record facts, the attachment was not "wholly unwarranted" and, further, that two years had expired since the entry of the judgment, under our cases an application to show cause of action was apt to be viewed with disfavor: see Whiteside v. Oakman, 1 Dallas *294, and authorities cited in note on page *295.

Plaintiff's declaration avers defendant is a foreign corporation; as such, it is subject to foreign attachment: Com. v. Baxter, 235 Pa. 179, 191. The sheriff's return shows property of defendant within the jurisdiction of the court below, and the præcipe and writ indicate that fact; furthermore, there is no denial in any of the pleadings that defendant was a nonresident or that it had property in the county at the date of the attachment.

Where, as here, the essential jurisdictional facts appear of record, the statement of claim cannot, after judgment, be successfully attacked on a rule such as now before us. As said by this court in First National Bank of Omaha v. Crosby, 179 Pa. 63, 68, a foreign attachment case: "It is not required that plaintiff's statement shall set out all the jurisdictional facts; this may be required in an affidavit to show cause of action, but the absence of such facts from the statement is not alone sufficient to prevent judgment for want of a sufficient affidavit of defense, where the existence of such facts is not denied." This principle fits the case in hand.

We have examined all the authorities cited to us and find none in conflict with our present decision.

The assignment of error is sustained, the order complained of is reversed and the writ and judgment are reinstated.