# Catanzaro & Sons, Inc., *v.* Brown, Appellant.

*Foreign attachment—Quashing attachment—Money in hands of garnishee.*

Where a foreign attachment is good as to any amount, in the hands of one of the garnishees, it cannot be dissolved either in whole or in part.

Argued October 10, 1923. Appeal, No. 123, Oct. T., 1923, by defendant, from order of C. P. Allegheny Co., April T., 1922, No. 2713, discharging rule to quash foreign attachment, in case of S. Catanzaro & Sons, Inc., v. C. M. Brown. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to discharge foreign attachment. Before REID, DREW and EVANS, JJ.

The opinion of the Supreme Court states the facts.

Rule discharged. Defendant appealed.

*Error assigned* was, inter alia, order, quoting record.

*Harvey A. Miller*, of *Miller & Nesbit*, for appellant.

*Louis Caplan*, of *Sachs & Caplan*, for appellee.

PER CURIAM, January 7, 1924:

Plaintiff's action is a foreign attachment in assumpsit to recover the sum of $12,610 damages for failure to

carry out a contract to ship oranges from defendant's place of business in California to plaintiff in Pittsburgh. The attachment names the William Penn Trust Company, Fort Pitt Fruit & Produce Company and others, all of Pittsburgh, as garnishees. The court below discharged defendant's motion to quash, which alleged, inter alia, that the cause of action, as shown by plaintiff's statement, "constitutes an unliquidated claim for damages without legally and definitely setting forth facts by which a claim for damages can be rendered definite and certain." Defendant appealed. Whether the statement so far as it relates to damages sustained by defendant's failure to ship oranges is sufficiently definite need not be considered at this time. To sustain the attachment reference need be made only to the paragraph in the statement which avers there is in the hands of one of the garnishees the sum of $1,300 belonging to defendant. This averment is ample to require the rule to quash to be discharged. The attachment being good as to any amount it cannot be dissolved either in whole or in part: Diamond City B. P. & B. Co. v. Murdock-James & Co., 270 Pa. 455.

The appeal is dismissed.