## Brogan et al. v. Bright-Brooks Lumber Company, Appellant, et al.

Argued December 18, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Joseph A. Keough,* with him *Levi, Mandel & Miller,* for appellant.

*Walter Stein,* with him *Benjamin Ludlow,* for appellees.

OPINION BY STADTFELD, J., January 30, 1940:
This is an appeal by defendant from the order of the court below, discharging a rule ex parte defendant to

show cause why the writ of attachment in a foreign attachment proceeding should not be quashed.

The opinion of the court below correctly sets forth a summary of the proceedings and from which we quote: "On May 26, 1939, the plaintiff commenced this action of foreign attachment in assumpsit. An appearance was entered for the garnishee and on August 9, 1939, the garnishee's attorney filed a rule on the plaintiff to show cause why the attachment should not be dissolved. This rule was made returnable on August 22, 1939. It was not heard on that day, being continued by agreement of counsel, but no new return day was fixed for the rule.

"In the meantime, on August 18, 1939, the plaintiff filed a statement of claim endorsed with a notice to the defendant to file an affidavit of defense. Thereupon an appearance de bene esse was entered for the defendant, and on August 28, 1939, the defendant took a rule on the plaintiff to show cause why the writ of foreign attachment should not be quashed. This rule was made returnable on September 18, 1939, and was accompanied by an order of the court that 'all proceedings to stay meanwhile'. This latter rule was not heard on the return day but came up for argument before this court on October 13, 1939. In the meantime, on September 12, 1939, the plaintiff filed an affidavit of cause of action."

The statement of claim sets forth that the individual plaintiffs, as agents, leased to Louis Dickman and Jack W. Robinson certain premises in the City of Philadelphia for a period of three years commencing July 8, 1938, at a rental of $175 per month, and that the defendant, the Bright-Brooks Lumber Company, through its duly authorized agent, John Cockey, guaranteed in writing to the plaintiffs the payment of the rental provided in the aforementioned lease during the first year of the term. The plaintiffs claim the sum of

$525 unpaid rental during the first year, and, in addition, claim other items which are denominated in the lease as "rent" reserved thereunder.

In support of the rule to quash, defendant-appellant averred, inter alia, the following reasons: "4. Said statement of claim is insufficient for the following reasons: (a) it does not aver that the defendant is a foreign corporation, or that it is a non-resident of the Commonwealth of Pennsylvania, or that it or its agents were (not) in the County of Philadelphia at the date of the issuance of the foreign attachment. (b) It does not aver that the defendant had property or assets within the County of Philadelphia, at the time of the issuance of the writ of foreign attachment . . . . . . (d) The authority of one John W. Cockey who signed as suretyship on behalf of the defendant is inferential and not conclusively averred. (e) The plaintiff makes claim for constable's and watchman's expenses which are clearly not within the scope of the alleged suretyship agreement. (f) The claim for additional insurance as rental is clearly not within the scope of the alleged suretyship agreement. (g) The claim for excessive damages beyond reasonable wear and tear is not within the scope of the alleged suretyship agreement . . . . . ."

Appellant seeks to treat the *statement of claim* as an affidavit of cause of action.

The statement of claim was filed August 18, 1939. The rule to quash the attachment was granted on August 28, 1939. The affidavit of cause of action was filed September 12, 1939. The rule to quash was therefore premature because no affidavit of cause of action had yet been filed.

The affidavit of cause of action and the statement of claim, in actions commenced by foreign attachment, are separate and distinct. The statement of claim need contain only such allegations as are essential for the plaintiff to establish his cause of action at the trial of

the case and need not contain allegations to justify the issuance of the original writ. This is a complete answer to objections (a) and (b) supra. *First Nat. Bank of Omaha v. Crosby,* 179 Pa. 63, 36 A. 155; *Lehigh Coal & Navigation Co. v. Skeele Coal Co.,* 265 Pa. 534, 109 A. 160; *Konopka v. McAteer,* 313 Pa. 510, 512, 169 A. 778. The Supreme Court in the last cited case, states, at p. 513: "The Act of May 12, 1897, P. L. 62, section 1, 12 PS section 2961, requires a plaintiff 'within one year after the issuance of the writ (to) file a statement of his or their cause of action' *which means a formal statement of claim.*" (Italics supplied).

The court below commented on the difference between a statement of claim and an affidavit of cause of action as follows: "The defendant strenuously argued that we must consider the statement of claim as the plaintiff's affidavit of cause of action and ignore the affidavit of cause of action because it was filed in apparent violation of the order staying further proceedings. Aside from the fact that we cannot consider the statement of claim as anything other than what it purports to be, and, as we have indicated above, the statement of claim and affidavit of cause of action are separate and distinct pleadings in foreign attachment proceedings, we must also decline to so consider it for the further reason that to do so would permit the defendant to take advantage of a stay of proceedings which it obtained and which defendant now insists prevented the plaintiff from filing the affidavit of cause of action at a time when he had a legal right so to do, pursuant to the rule of the garnishee."

As to the objection (d) that the authority of John Cockey, who signed as surety on behalf of the defendant is inferential and not conclusively averred: The statement of claim sets forth that the written guarantee was made by John Cockey, "the duly authorized agent of the defendant." Under our Practice Act, evidential facts should not be pleaded: *Davis et al. v. Investment*

*Land Co.*, 296 Pa. 449, 146 A. 119. The averment stated was sufficient.

As to the defense of ultra vires, the Supreme Court has said in *Strauss v. W. H. Strauss & Co. Inc.*, 330 Pa. 517, 520, 199 A. 195, referring to the Business Corporation Law, Act of May 5, 1933, P. L. 364, 380, (15 PS §§2852-303) "Since this Act became effective, the defense of ultra vires can no longer be asserted by a corporation in an action involving a contract such as this one, to which it is a party."

As to objections (e) (f) and (g), that the written guarantee cannot be extended beyond its terms, the court below properly stated "We need not decide this point at present, except to point out that the statement of claim is at least sufficient to the extent of the sum of $525 unpaid rentals, and therefore sets forth a good cause of action, at least as to part of the plaintiff's claim." Where a foreign attachment is good to any amount, it cannot be dissolved either in whole or in part: *Catanzarro & Sons Inc. v. Brown*, 278 Pa. 548, 123 A. 491. "An applicant to quash a writ may not aver simply a defense on the merits, or a good legal answer to the alleged debt itself, he must point to some defect in the record which renders the proceedings fundamentally irregular and void......": *Pasquinelli v. Southern Macaroni Mfg. Co.*, 272 Pa. 468, 477, 116 A. 372.

The quashing of a writ of foreign attachment is within the discretion of the court below. An appeal from refusal to quash is interlocutory and will not be reversed except for abuse of discretion: *Pasquinelli v. Southern Macaroni Mfg. Co.*, supra, *Nazareth Cement Co. v. Union Indemnity Co.*, 116 Pa. Superior Ct. 506, 514, 177 A. 64.

After a careful examination of the entire record, we see no error which would justify a reversal.

The assignments of error are overruled and the appeal is dismissed. Costs to be paid by appellant.