## Chelmsford Worsted Co., Inc., v. Ria Herlinger Fabrics, Inc., et al.

*R. C. Hassrick,* for plaintiff.

*Adams, Childs, McKaig & Lukens, de bene esse,* for defendants.

SLOANE, J., June 25, 1948.—This is a proceeding in foreign attachment; directly there are two motions before us: (1) To quash the writ of foreign attachment, (2) to dissolve the attachments made under it.

The pleadings and the depositions (taken by both sides) show these facts, in essence, undisputed: Plaintiff, a New York corporation (here called Chelmsford),

sold its entire converting business to Vogel, domiciled in New York and one of defendants in this proceeding, for some $26,000. The transaction was in writing. Under the writing there was a "closing date" (January 30, 1948) ; on that date plaintiff was paid $12,000. The balance was to be paid in three periodic sums, but plaintiff made out its unconditional bill of sale and delivered it to Vogel on the closing date. With that, and as soon as Vogel acquired the business, he formed a new corporation, corporate defendant in this proceeding (here called Herlinger), to which corporation he transferred his newly acquired business, and took in exchange half of the capital stock, the other half going to his wife, Ria Herlinger Vogel. Among the assets acquired by Vogel, and thus transferred to the new corporation was certain textile material in the hands of three Philadelphia concerns, garnishees in this proceeding.

Six thousand dollars due plaintiff from Vogel under their writing on or before April 9, 1948, was not paid, and this foreign attachment issued, with a claim not for the $6,000 which was due but for the entire balance, assumedly, that default in the first installment accelerated maturity of the whole balance. The attachment was directed at the textile material in the hands of the three Philadelphia concerns, summoning them as garnishees, and plaintiff, in its affidavit of cause of action, averred an agreement with both defendants and that both had property here.

We lay aside any question as to the propriety of either motion; the "appropriateness of remedy" has not been questioned or referred to (see Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468) and it is just as well that we decide the case without recourse to distinction between the two motions. Be it said simply that both defendants, through the same counsel, gave appearance de bene esse and filed both motions, to quash and to dissolve.

What is argued comes to this:

(a) The basis of the action is the written agreement between Chelmsford and Vogel. Herlinger was not a party to the agreement, the agreement has no clause extending Vogel's obligations to Herlinger. Then, how, defendant argues, can Herlinger be made a defendant?

(b) Vogel, having transferred the business to Herlinger, has no property in the hands of garnishees.

(c) Herlinger has assigned its property in the hands of the same garnishees to one, Mills Factors Corporation, by assignments antedating the issuance of the writ.

Plaintiff sues defendants jointly. It claims, in its affidavit of cause of action, an agreement with both defendants and avers that the property is that of both defendants, though as to the property-averment in language applicable to the person singular, thus: "The defendants are a nonresident but has property and choses of (sic) action in the Commonwealth of Penna." What can be gathered from argument and brief is that plaintiff seeks to establish that Herlinger and Vogel are the same, Herlinger is Vogel in another guise, and that plaintiff should not be checked or balked in a situation where Vogel says, "You sold me the goods, I paid only a part, but the goods are no longer mine," and Herlinger says, "Vogel transferred the goods to me, but I do not have to pay any balance due since your agreement is not with me." The difficulty is that the affidavit of cause of action makes no such suggestion. Instead the affidavit baldly recites (paragraph 4) an agreement with both defendants, and the written agreement shows it is not so. The agreement is with Vogel and with no one else. Thus there is contradiction in plaintiff's pleading. Nevertheless what exists here is a sale of a going business with no change or interruption in that business, and we should not permit an escape of responsibility of

payment through the easy process of a corporation. Vogel and his wife are the sole shareholders of Herlinger; third parties are not involved. The Vogels paid nothing for their shares; the corporation paid nothing for the business. Vogel simply transferred to Herlinger that which he purchased from plaintiff, and paid for only partly, in exchange for shares to his wife and himself. With these circumstances, and though this proceeding be a narrow one, a "creature of statute", we are quite loath to let a man insulate himself against a just debt with the thin, new veil of a corporation. We should not exalt facility of corporate formation above payment of a just debt, and we should be cautious not to send out of court a litigant whose claim seems adequate but whose pleading is not adequate. We think moral sanction requires us to thrust through the corporation to the real identity (Sunseri v. Sunseri et al., 358 Pa. 1, 4; Norris Tool & Machine Co. v. Rosenlund et al., 355 Pa. 560, 565; Edirose Silk Mfg. Co. v. First National Bank & Trust Co., 338 Pa. 139, 143; Armour Trans. Co. v. Pa. P. U. C., 154 Pa. Superior Ct. 21, 23-4).

Though Vogel seeks to have the writ quashed as to him on the ground that no property of his was reached by the attachment (Atkins v. Canadian SKF Co. et al., 353 Pa. 312; Rankin v. Culver, 303 Pa. 401) here there is an issue as to whether or not it is his property.

The claim by Herlinger that Mills Factors Corporation is the actual owner of the attached property is not sustained by the depositions. It appears that Mills Factors Corporation has advanced moneys to Herlinger on the strength of invoices evidencing sales of the completed fabric, that is, advances were made on the credit of the purchasers. This is not sufficient to show a transfer of title to the material still being worked upon by the processors.

There was a collateral dispute in the case involving the quality of the yarn shipped by the Joseph Talbot Textile Co. to Herlinger under the contract entered

into between them in pursuance of the provision in the agreement between Chelmsford and Vogel, but it has no bearing on the present issue. It may be a defense to the main action in the nature of a counterclaim. In fact, it is an issue in a suit in New York by an assignee of Joseph Talbot Textile Co. against Herlinger for yarn delivered and not paid for.

Another point in the case, though not raised, involves the claim by plaintiff of the entire balance of the contract price, though only the first installment is in default. The agreement says nothing about acceleration of maturity of the later installments upon failure to meet an earlier one when due, and though such a provision is legal (Drey St. M. Co., for use, v. Nevling, 106 Pa. Superior Ct. 42, 45) it must be specifically stipulated to be effective. But since the additional debt claimed is on the same cause of action and will become due by mere lapse of time, it is not ground to dissolve the attachment.

It is to be noted that where a foreign attachment is good as to any amount, it cannot be dissolved either in whole or in part: Brogan et al. v. Bright-Brooks Lumber Co., 138 Pa. Superior Ct. 409, 414, citing Catanzarro & Sons, Inc., v. Brown, 278 Pa. 548.

Another contention of defendants was that the yarn shipped from the Joseph Talbot Textile Co., Inc., to the T. A. Harris Company goes through all the manufacturing processes in about six weeks, and that therefore the material which had been the subject of the sale has passed through all these steps before the attachment. This is beside the point for plaintiff is making a general claim that defendants are indebted to it and not asserting a lien of any kind on the actual goods which had been transferred by the bill of sale from Chelmsford to Vogel.

We think amendment is allowable: Frankel v. Donehoo et al., 306 Pa. 52. And so, plaintiff may amend to accord to the facts within 10 days hereof, and if not, defendants' motions will be granted.