## Thalheimer et al. v. Vineland Construction Co., Inc., et al.

*Elliot J. Goldman,* of *Sundheim, Folz, Kamsler & Goodis,* for plaintiffs.

*Herbert A. Barton,* for defendant.

*Edward A. Kelly,* for garnishee.

CRUMLISH, J., March 17, 1949.—This action is assumpsit by writ of foreign attachment. A general appearance was entered for garnishee, and a special appearance was entered for defendant. Plaintiffs filed their statement of claim about four months after the action was begun and served counsel for defendant, who had appeared de bene esse. The matter is before us now on defendant's petition to strike off service of the statement of claim and to quash the writ of foreign attachment, plaintiffs' answer thereto, and depositions.

### Rule to Strike Off Service

First to be decided is the crucial question of whether defendant Vineland Construction Company's de bene esse appearance has been converted into a general appearance. Under Pa. R. C. P. 1017(*b*) (1), this question should have been raised by preliminary objections. See also Sanders et al. v. Green Spring Dairy, Inc., et al., 58 D. & C. 439 (1947), opinion by Sheely, P. J., of Common Pleas Court of Adams County. For practical reasons, however, we deem it expedient to pass over such failure and to deal with the questions presented by the record.

It is defendant's contention that the service of the statement of claim on counsel who has entered his appearance for it de bene esse is of no effect. Plaintiffs counter with the contention that defendant's dilatory

tactics have converted the special appearance into a general one and cite Poor et al. v. Colburn et al., 57 Pa. 415 (1868), Daley v. Iselin, 212 Pa. 279 (1905), American Trust Co. v. Kaufman, 276 Pa. 35 (1923), and Marano v. Granata, 151 Pa. Superior Ct. 454 (1943). Plaintiffs' argument may be stated more fully by quoting from counsel's brief:

"In our case, defendant, Vineland Construction Co., Inc., filed an appearance 'de bene esse' on March 25, 1948. It took no further action until July 30, 1948, and this was only *after* plaintiff had made the next move, to wit; the filing and service of a statement of claim, duly endorsed, with notice to plead. Then and then only, on July 30, 1948, did defendant take any further action. This action consisted of filing the present petition. *Four months and five days had elapsed since defendant's entry of appearance* during which period defendant had done *nothing*. During the same period, however, plaintiff was *prevented* from entering a default judgment by reason of defendant's appearance.

"It is a just rule which requires a defendant to act seasonably after filing an appearance de bene esse, and to promptly follow the normal procedure of ruling plaintiff to show his cause of action. Otherwise, any defendant in a foreign attachment proceeding could appear specially and merely sit back *indefinitely* waiting for plaintiff to file his statement of claim, and the moment that plaintiff does so, move to have it stricken. It must be remembered under the Foreign Attachment Act plaintiff must file his statement of claim within one year after the issuance of the writ or else the action will abate: 12 PS §2961."

A reading of the authorities relied upon by plaintiffs discloses that they do not rule the instant case. On the state of the record before us, defendant could have (a) ruled plaintiffs for an affidavit of cause of action,

or (b) elected to stand by and wait further action by plaintiffs. For example, if, while defendant stood by, plaintiffs "within one year after the issuance of the writ" (Act of May 12, 1897, P. L. 62, sec. 1, 12 PS §2961) had failed to file their statement of claim, then defendant would be in a position to move to abate the writ. On the other hand, had plaintiffs complied more promptly with the Act of May 12, 1897, supra, and had defendant, in the face of such prompt action, engaged in dilatory tactics, then plaintiffs would rightly be heard to complain. Here, however, the statement was filed July 14, 1948, a petition to strike off the service on counsel for defendant who appeared specially was filed July 30, 1948, (and this, despite the fact that no affidavit of service of the statement of claim on defendant appears in the docket entries) and plaintiffs' answer to defendant's petition was filed August 16, 1948.

Our consideration of the foregoing question brings forth the following conclusions:

(a) Defendant Vineland Construction Company's special appearance has not been converted into a general appearance.

(b) Service, as averred in defendant's petition and admitted in plaintiffs' answer, on counsel appearing specially for defendant, is declared invalid.

### Motion to Quash

The next question is whether in a foreign attachment proceeding where plaintiff has filed within the statutory period a statement but has not filed an affidavit of cause of action and the specially appearing defendant has not ruled plaintiff to file such an affidavit, may defendant, who seeks to prove the absence of a jurisdictional fact by proof dehors the record, move to quash the writ? Specifically, defendant con-

tends here, and attempts to prove by depositions, that it does not have property within the jurisdiction.

In the absence of controlling authority, several principles applicable to foreign attachment proceedings must be considered. It must appear, to support a writ of foreign attachment, that there is, within the jurisdiction, real or personal property of the non-resident individual or corporate defendant. See Act of June 13, 1836, P. L. 568, as amended, 12 PS §2891.

Next, "An applicant to quash a writ may not aver simply a defense on the merits, or a good legal answer to the alleged debt itself, he must point to some defect in the record which renders the proceeding fundamentally irregular and void, . . . or if (as in exceptional instances is allowed) evidence dehors the record is produced to establish defects therein, the defects depended on must be of a character to put plaintiff completely out of court, such as . . . that one of the statutory props required to sustain the attachment is missing . . . If the most that is averred is a defense on the merits, or simply a good legal answer to the alleged debt itself, such a defense must be developed at trial, unless an agreement on the facts, or something tantamount thereto, appears, which shows a case so fully developed that, if on trial, it would require binding instructions for defendant . . .": Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 477-478 (1922).

"An affidavit of cause of action need not be filed with the praecipe for the writ, unless defendant is 'any person who being a resident of this Commonwealth shall have moved therefrom after having become liable in an action ex delicto.' Act of April 24, 1931, P. L. 44, 12 P. S. section 2891 . . .

"In other cases, if a defendant desires plaintiff to show cause of action, he may appear specially and obtain a rule to show cause . . . The Act of May 12,

1897, P. L. 62, section 1, 12 P. S. section 2961, requires a plaintiff 'within one year after the issuance of the writ to file a statement of his or their cause of action,' which means a formal statement of claim.": Konopka et ux. v. McAteer, 313 Pa. 510, 512, 513 (1934).

"An exhaustive examination of the cases cannot but lead to the conclusion that the practice, as understood by the profession and as actually enforced before the courts, contemplated two separate papers: the affidavit of cause of action, when called for by rule, and the statement, after appearance secured, or before, if judgment was to be taken by default.": Bonbrake v. West Virginia Pulp Products Co., 45 Pa. C. C. 191, 195 (1916) ; see also: McBride v. Bartol et al., 5 D. & C. 71 (1924).

"It is not required that plaintiff's statement should set out all the jurisdictional facts.": First National Bank of Omaha v. Crosby, 179 Pa. 63, 68 (1897) ; see also Lehigh Coal and Navigation Co. v. Skeele Coal Co. et al., 265 Pa. 534 (1920). The affidavit of cause of action must set out such facts as give the court jurisdiction and must not be ambiguous: Mindlin et al. v. Saxony Spinning Co. et al., 261 Pa. 354 (1918).

Finally, in Brogan et al. v. Bright-Brooks Lumber Co., 138 Pa. Superior Ct. 409 (1940), Judge Stadtfeld, in deciding on the disposition of a rule to quash a writ of foreign attachment in a case where the rule was obtained after the filing of the statement of claim but before the filing of the affidavit of cause of action, said: "The rule to quash was . . . premature because no affidavit of cause of action had yet been filed."

Applying these principles leads us to the conclusion that the question involved, as stated at the outset, must be answered in the negative.

Accordingly, the motion to quash is dismissed without prejudice to the rights of defendant to rule plaintiffs for an affidavit of cause of action.