## Plantholt v. Falck et al.

*George B. Morrow*, for plaintiff.
*Michael P. Keegan*, for defendants.

ROBINSON, J., March 28, 1949.—On March 7, 1949, plaintiff caused a writ of foreign attachment to issue

out of this court. The sheriff attached real estate of defendant in the Borough of Clarks Summit and summoned the person in possession as garnishee in the action.

Defendant and garnishee now appear de bene esse and move to quash the attachment. The reasons assigned in the motion are that the affidavit of plaintiff's claim filed with the præcipe for the writ of foreign attachment is not sufficient to support the process issued. These reasons, particularly, are that the affidavit "does not set out a good cause of action"; that the writ "does not lie on a debt or account now due or demandable"; that plaintiff brought the action in her individual capacity; that no "performance" by plaintiff is averred; that the affidavit does not set out a cause of action with "certainty"; that although the affidavit sounds ex contractu the relief can only obtain in the orphans' court.

The Act of June 13, 1836, P. L. 568, sec. 44, amended April 24, 1931, P. L. 44, sec. 1, 12 PS §2891, provides:

"A writ of foreign attachment, in the form aforesaid, may be issued in all actions ex contractu, and in actions ex delicto for a tort committed within this Commonwealth, against the real or personal estate of: (a) any person not residing within this Commonwealth, . . . But in such cases the person having such right of action ex delicto . . ., or someone in his behalf must, upon oath or affirmation, certify to the truth of the claim and of the facts upon which such attachment is founded. . . ."

"The affidavit must set out a good cause of action and such facts as give the court jurisdiction, and must not be ambiguous nor depend upon conjecture or inference. See Hallowell v. Tenney Canning Co., 16 Pa. Superior Ct. 60. The object of a writ of foreign attachment is to compel the appearance of defendant; and, to authorize such writ, he must have property within the jurisdiction of the court; otherwise there is noth-

ing to attach and no means of compelling an appearance or of securing plaintiff's claim".: Mindlin et al. v. Saxony Spinning Co. et al., 261 Pa. 354, 356.

Where the affidavit of claim does not set out a good cause of action the writ of attachment will be dissolved: McLeod v. Hyman, 272 Pa. 582. We, therefore, examine the supporting affidavit to this end.

Plaintiff deposes in a paper filed with the præcipe for the writ that defendant is indebted to her in the amount of $687.87. It appears from the paper that plaintiff and defendant are sister and brother; that upon the death of their mother, defendant converted to his own use plaintiff's interest in personal property left by the mother; that the value of plaintiff's interest in the converted personal property is $423.85; that plaintiff paid attorney fees, inheritance taxes and costs for which defendant is liable contributively; that defendant did not pay any part of these. items, and that defendant is not a resident of the State of Pennsylvania, but on the contrary is a resident of the State of Illinois.

The purpose of the affidavit of claim is to fairly and fully inform defendant of the nature of the claim to the extent that he may know the reason for the seizure of his property located in this Commonwealth. Applying this test to the supporting deposition, we are of the opinion that it is sufficiently descriptive of the claim to support the attachment. Defendant is made fully aware that the claim of his sister is based upon the charge that he converted to his own use personal property in which she had a one-half interest and that he is indebted to her for one half of the necessary expenses to settle the mother's estate and to that extent received a benefit. True, the claim sounds partly in tort and partly ex contractu, but that furnishes no reason for a dissolution of the writ under the familiar rule that where the foreign attachment is good as to

any amount in the hands of the garnishee it cannot be dissolved. See Catanzaro v. Brown, 278 Pa. 548. The affidavit of claim falls within that class of depositions that have been held sufficient to support the attachment. See Frankel v. Donehoo et al., 306 Pa. 52; Catanzaro v. Brown, supra; Diamond City B. P. & P. Co. v. Murdoch-James Co. et al., 270 Pa. 456, and Davis, Executrix, v. Tingley, 116 Pa. 113.

Under the circumstances here present plaintiff may sue for the property converted, treating the same as her own without the intervention of the executor of her mother's estate: Gibboney, Executrix, v. Derrick et al., 338 Pa. 317; see footnote to Northern Trust Co. v. Travelers Ins. Co., 329 Pa. 17; Blodgett's Estate, 254 Pa. 210.

Accordingly, March 28, 1949, the motion to quash the writ of foreign attachment is denied.